UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVONTRAL J. COLEMAN,

                Petitioner,                            Case No. 4:14-cv-12959
                                                   Hon. Terrence G. Berg

    v.

STEVEN RIVARD,

                Respondent.
_____/

## OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS

This is a habeas case brought by a Michigan prisoner under 28 U.S.C. § 2254.
Petitioner Davontral Coleman was convicted after a jury trial in the Saginaw
County Circuit Court of three counts of assault with intent to commit murder,
MICH. COMP. LAWS § 750.83, two counts of possession of a firearm during the
commission of a felony, MICH. COMP. LAWS § 750.227b, and one count of carrying a
firearm with unlawful intent, MICH. COMP. LAWS § 750.226. As a result of these
convictions Petitioner is serving a sentence of 22-to-42 years. The petition raises
two claims: (1) Petitioner was denied the effective assistance of counsel, and (2)
Petitioner's Sixth and Fourteenth Amendment rights were violated at sentencing.
The Court finds that Petitioner's claims are without merit. Therefore, the petition
will be denied. The Court will also deny Petitioner a certificate of appealability, but

it will grant permission to proceed on appeal in forma pauperis.

## I. Background

The facts relied upon by the Michigan Court of Appeals are presumed correct

on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d

410, 413 (6th Cir. 2009). Those facts are as follows:

> Defendant's convictions stem from a shooting that occurred in front of Jennifer McReynolds's Saginaw residence on September 5, 2009. A group of approximately 25 or 30 people had gathered in the yard in front of the residence. Witnesses testified that they suddenly heard what sounded like firecrackers and realized that someone was firing bullets into the crowd. Jewel Lee, who was 12 years old at the time of trial, suffered a nonfatal gunshot wound to the head.

> Luven West lived in a home separated from McReynolds's residence by a vacant field and a chain link fence. West heard the gunshots and thought that they were coming from behind her house. She looked out her front door and saw two young men at the end of her driveway. One of the men "walked off real fast, looking back," while the other man, who West identified as defendant, rode away on a bicycle. A police investigation revealed that the gunshots were fired from the vacant field. The police recovered eight .22 caliber shell casings along the fence line that separated West's yard from the field. Officers also found a .22 caliber rifle underneath West's vehicle parked in her driveway. A latent finger print on the rifle matched defendant's left, little finger. The rifle also contained DNA evidence from at least three different people. Defendant's DNA was consistent with a sample taken from the rifle. Expert testimony established that the probability of a person's DNA matching the sample on the rifle was one in 791 Caucasians, one in 419 Hispanics, and one in 381 African Americans. Defendant was not the main contributor of the DNA evidence on the rifle. The jury convicted defendant as charged.

*People v. Coleman*, No. 306915, 2012 WL 6178154, at *1 (Mich. Ct. App. Dec. 11,

2012).

Following his conviction and sentence, Petitioner filed a claim of appeal in

the Michigan Court of Appeals which raised the following claims:

> I. Defendant was denied the effective assistance of counsel when: (1) based upon misunderstandings of law and fact, counsel told the jury that Defendant lied about not being at the shooting or touching the firearm, and (2) neglected to object to the jury being told that Defendant was years earlier caught with a gun.

> II. Defendant is entitled to a re-sentencing where guidelines error altered the sentencing range. Here, points were erroneously scored under offense variable ("OV") 13 because: (1) no "continuing pattern" of felonious conduct exists and (2) the conduct scored under OV 13 was already scored under PRV 7. The error increased the range and resentencing is required.

It is important to note that nowhere in Petitioner's brief on appeal did he argue that his Sixth and Fourteenth Amendment rights were implicated by the manner in which the trial court calculated the sentencing guidelines. The Michigan Court of Appeals affirmed Petitioner's convictions and sentence in an unpublished opinion. *Id.*

Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court which raised the same claims as in the Michigan Court of Appeals and an additional claim not presented in this action. The Michigan Supreme Court denied the application on July 3, 2013, because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Coleman*, 832 N.W.2d 388 (Mich. 2013) (unpublished table decision). Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court.

## II. Standard of Review

28 U.S.C. § 2254(d)(1) curtails a federal court's review of constitutional claims raised by a state prisoner in a habeas action if the claims were adjudicated on the merits by the state courts. Relief is barred under this section unless the state court adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established Supreme Court law.

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam), quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

"[T]he 'unreasonable application' prong of the statute permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) quoting *Williams*, 529 U.S. at 413.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair minded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011), quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004). "Section 2254(d) reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal

justice systems, not a substitute for ordinary error correction through appeal. . . . As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair minded disagreement." *Harrington*, 562 U.S. at 103 (internal quotation omitted).

## III. Analysis

### A. Effective Assistance of Counsel

Petitioner first claims that his counsel provided ineffective assistance at trial. He argues that his counsel improperly conceded that Petitioner was present at the scene of the crime and previously touched the firearm that was used. Petitioner also faults his counsel for failing to object to the playing of a video tape where Petitioner admitted to being previously caught with a gun by police. Respondent asserts that these claims were reasonably adjudicated by the Michigan Court of Appeals.

A defendant relying on a claim of ineffective assistance of counsel must make two showings. First, he "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. [We] must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Second, he must demonstrate prejudice, meaning "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A

reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,'" meaning that when applied together, our "review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 689; *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)).

Here, the Michigan Court of Appeals reviewed the challenged portion of defense counsel's closing argument, and found that it did not amount to ineffective assistance. The Court has reviewed the record and finds that the state appellate court's application of *Strickland* was not unreasonable.

Contrary to Petitioner's argument, defense counsel did not concede that Petitioner was present at the scene. Defense counsel challenged the forensic evidence and identification evidence presented by the prosecution. Defense counsel argued that the prosecutor had not proven beyond a reasonable doubt that Petitioner was present at the scene by challenging the circumstances under which Luven West made her identification of Petitioner. The challenged portions of the argument amounted to an alternative argument which asserted that even if the jury believed Petitioner was present, the prosecutor failed to prove that he was the shooter. In so arguing, counsel offered reasons to believe that Petitioner was not involved in the shooting even if the jury believed he was there. For example, counsel pointed out that the person who claimed to have seen Petitioner indicated that he was not seen walking quickly away as the other unidentified perpetrator was, and further arguing that the DNA analysis showed that at least three people touched

the gun. The state appellate court reasonably found that it was a reasonable trial strategy for counsel to present these alternative arguments, which provide an additional reason to doubt Petitioner's guilt even if the jury were to conclude that Petitioner was present at the scene.

Petitioner also asserts that counsel was ineffective for failing to take more forceful action when a portion of a DVD where Petitioner admitted to having previously been caught with a firearm was played during trial. The Michigan Court of Appeals found that Petitioner abandoned this contention during direct review by failing to develop the argument in his appellate brief.

The record shows that trial counsel did not perform deficiently in the manner that he addressed the error. Just prior to closing arguments, the trial court put together a box of the exhibits, including the transcript of the DVD at issue, so that it could provide them to the jury if they requested to view them during deliberations. The trial court indicated that the transcript would be placed on top of the box so that both attorneys could redact the offending portion. Later in the record, when the exhibits were being prepared, the issue of the transcript was addressed and the mention of the gun was redacted. *See* Tr. 7/29/2011, at 51-52. It was during this process that the prosecutor mentioned that when the actual DVD was played, that one mention of the gun "slipped out." *Id*., at 53. It appears from the record, however, that the transcript made of the DVD had that portion redacted. *Id*., at 53-54.

Petitioner's counsel handled the matter effectively. While he did not object to

the mention of the gun when the DVD was played during trial, he ensured that any prejudice was alleviated by redacting the transcript made of the video that was presented to the jury during deliberations. It was a matter of trial strategy whether or not to place an objection or move for a mistrial when the video was played, and the *Strickland* standard prevents a reviewing court from second-guessing such tactical matters. *See Craft v. Stratton*, No. C 04-4226 JSW (PR), 2007 U.S. Dist. LEXIS 81637, 2007 WL 3144855, at *14-16 (N.D. Cal. Oct. 24, 2007) (concluding that defense counsel was not ineffective for failing to request a mistrial after a witness inadvertently mentioned the petitioner's criminal history where the remark was an accidental one made during a long trial, the trial court immediately struck the statement from the record and provided an elaborate admonition to the jury on the following day, and the evidence of guilt was strong); *Burnett v. Burge*, No. 02-CV-00265, 2005 U.S. Dist. LEXIS 46600, 2005 WL 2406000, at *8-9 (W.D. N.Y. Sept. 29, 2005) (concluding that defense counsel was not ineffective for failing to request a mistrial after a defense witness testified that the petitioner was on parole where there was no other mention of the petitioner's parole status, the issue was not explored by the prosecution on cross-examination of the witness, and the isolated reference to the petitioner's parole was not so obvious and prejudicial as to require a mistrial).

The Court also notes that the un-redacted reference to the gun in the video was fairly inconsequential. When the parties discussed the transcript of the video at the end of the trial and indicated that one reference to a gun "slipped out" during the

playing of the video, the un-redacted reference was described as an incident "about a gun that [Petitioner] would have fired in the air at age 12 or 13 that [he] got caught with." Tr. 7/29/11, at 53. The fact that the jury heard that Petitioner was caught firing a gun into the air as a child was not so prejudicial as to require Petitioner's counsel to request a mistrial, nor did the failure to move for a mistrial create a reasonable probability of a different result.

The Court finds that Petitioner was not denied the effective assistance of counsel for the manner in which he handled the playing of the DVD.

## B. Sentencing

Petitioner claims that the sentencing court relied on facts not admitted by Petitioner nor found beyond a reasonable doubt by a jury to score the sentencing guidelines in violation of his Sixth and Fourteenth Amendment rights.

This claim was raised by Petitioner only as a state-law based attack on the scoring of the guidelines in the Michigan Court of Appeals.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th

9

Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Here, Petitioner's second claim is not exhausted because it was never presented as a federal constitutional claim to the state courts. Nevertheless, the Court may deny an unexhausted claim on the merits. See 28 U.S.C. § 2254(b)(2).

On June 17, 2013, the United States Supreme Court held that any fact which increases the mandatory minimum sentence for a crime is an element of the criminal offense that must be proven beyond a reasonable doubt. See *Alleyne v. United States*, 133 S. Ct. 2151, 2155, 186 L. Ed. 2d 314 (2013). *Alleyne* is an extension of the Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004), where the U.S. Supreme Court held that any fact that enhances a penalty for a crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. The Supreme Court in *Alleyne* overruled *Harris v. United States*, 536 U.S. 545 (2002), in which the Supreme Court had held that only factors that increase the maximum, as opposed to the minimum, sentence must be proven beyond a reasonable doubt to a factfinder. *Alleyne*, 133 S. Ct. at 2157-58. The Supreme Court emphasized that their ruling did not require that every fact which affects judicial discretion in sentencing must be proven to a jury beyond a reasonable doubt. *Id*. at 2163.

*Alleyne* does not apply to Petitioner's claim because the Supreme Court's

holding in "*Alleyne* dealt with judge-found facts that raised the mandatory minimum sentence under a statute, not judge-found facts that trigger an increased guidelines range," which is what happened to Petitioner in this case. See *United States v. Cooper*, 739 F.3d 873, 884 (6th Cir. 2014); See also *United States v. James*, 575 F. App'x. 588, 595 (6th Cir. 2014) (collecting cases and noting that at least four post-*Alleyne* unanimous panels of the Sixth Circuit have "taken for granted that the rule of *Alleyne* applies only to mandatory minimum sentences."); *Saccoccia v. Farley*, 573 F. App'x. 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.'...It said nothing about guidelines sentencing factors...."). The Sixth Circuit, in fact, has ruled that *Alleyne* did not decide the question whether judicial fact-finding under Michigan's indeterminate sentencing scheme violates the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x. 668, 673 (6th Cir. 2013).

Although the Michigan Supreme Court relied on the *Alleyne* decision in holding that Michigan's Sentencing Guidelines scheme violates the Sixth Amendment right to a jury trial in *People v. Lockridge*, 498 Mich. 358 (2015), *Lockridge* does not provide a basis for habeas relief for petitioner. The AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. See *Miller v. Straub*, 299 F. 3d 570, 578-579 (6th Cir. 2002). "The Michigan Supreme Court's decision in *Lockridge* does not render the result 'clearly established' for purposes of habeas

review." *Haller v. Campbell*, No. 1:16-CV-206, 2016 U.S. Dist. LEXIS 35151, 2016 WL 1068744, at * 5 (W.D. Mich. Mar. 18, 2016). Because the Sixth Circuit ruled that *Alleyne* does not apply to sentencing guidelines factors, reasonable jurists at a minimum could disagree about whether *Alleyne* applies to Michigan's minimum sentencing guidelines. 2016 U.S. Dist. LEXIS 35151, [WL] at * 6. "*Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme and cannot form the basis for habeas corpus relief." *Id.*; *See also Perez v. Rivard*, No. 2:14-CV-12326, 2015 U.S. Dist. LEXIS 74211, 2015 WL 3620426, at *12 (E.D. Mich. June 9, 2015).

Accordingly, Petitioner's second unexhausted claim will be denied on the merits because it cannot be supported with clearly established Supreme Court law.

### IV. Certificate of Appealability

In order to appeal this decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *See Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's

conclusion that Petitioner has not met the standard for a certificate of appealability because his claims are completely without merit. The Court will therefore deny a certificate of appealability.

The Court will, however, grant permission to appeal in forma pauperis because any appeal of this decision could be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

## V. Conclusion

Accordingly, the Court 1) **DENIES** the petition for a writ of habeas corpus, 2) **DENIES** a certificate of appealability, and 3) **GRANTS** permission to appeal in forma pauperis.

**SO ORDERED.**

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: August 18, 2017

### Certificate of Service

I hereby certify that this Order was electronically submitted on August 18, 2017, using the CM/ECF system, which will send notification to each party.

s/A. Chubb
Case Manager